## UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF OHIO
### EASTERN DIVISION

**RAKEESH NOLDEN,**

       **Plaintiff,**

   **v.**

**EQUIFAX INFORMATION
SERVICES, LLC**, *et al.*,

       **Defendants.**

**Civil Action 2:23-cv-3434**
**Chief Judge Algenon L. Marbley**
**Magistrate Judge Chelsey M. Vascura**


### ORDER and REPORT AND RECOMMENDATION

Plaintiff, Rakeesh Nolden, an Ohio resident proceeding without the assistance of counsel, brings this action under the Fair Credit Reporting Act, 15 U.S.C. §§ 1681a, et seq. ("FCRA"), against Defendants Equifax Information Services, LLC, Experian Information Services, and TransUnion, LLC. (Compl., ECF No. 1-2.) Plaintiff has submitted a request to file a civil action *in forma pauperis*. (ECF No. 1.) The Court **GRANTS** Plaintiff's request to proceed *in forma pauperis*. All judicial officers who render services in this action shall do so as if the costs had been prepaid. 28 U.S.C. § 1915(a).

This matter is also before the Court for the initial screen of Plaintiff's Complaint as required by 28 U.S.C. § 1915(e)(2) to identify cognizable claims and to recommend dismissal of Plaintiff's Complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Having performed the initial screen, Plaintiff **MAY PROCEED** on his FCRA claims under §§ 1681e(b) and 1681i. It is **RECOMMENDED** that the

Court **DISMISS** Plaintiff's FCRA claim under § 1681s-2(b) for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2).

## I.    STANDARD OF REVIEW

Congress enacted 28 U.S.C. § 1915, the federal *in forma pauperis* statute, seeking to "lower judicial access barriers to the indigent." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). In doing so, however, "Congress recognized that 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'" *Id*. at 31 (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). To address this concern, Congress included subsection (e) as part of the statute, which provides in pertinent part:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that—
>
> * * *
>
> (B) the action or appeal—
>
> (i) is frivolous or malicious; [or]
>
> (ii) fails to state a claim on which relief may be granted . . . .

28 U.S.C. § 1915(e)(2)(B)(i) & (ii); *Denton*, 504 U.S. at 31. Thus, § 1915(e) requires *sua sponte* dismissal of an action upon the Court's determination that the action is frivolous or malicious, or upon determination that the action fails to state a claim upon which relief may be granted.

To properly state a claim upon which relief may be granted, a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a). See also *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure 12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)). Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the

2

pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Thus, Rule 8(a) "imposes legal and factual demands on the authors of complaints." *16630 Southfield Ltd., P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

Although this pleading standard does not require "detailed factual allegations, a pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (cleaned up). A complaint will not "suffice if it tenders naked assertion devoid of further factual enhancement." *Id.* (cleaned up). Instead, in order to state a claim upon which relief may be granted, "a complaint must contain sufficient factual matter to state a claim to relief that is plausible on its face." *Id*. (cleaned up). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *Flagstar Bank*, 727 F.3d at 504 (citations omitted). Further, the Court holds *pro se* complaints "to less stringent standards than formal pleadings drafted by lawyers." *Garrett v. Belmont Cty. Sheriff's Dep't*, 374 F. App'x 612, 614 (6th Cir. 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). This lenient treatment, however, has limits; "courts should not have to guess at the nature of the claim asserted." *Frengler v. Gen. Motors*, 482 F. App'x 975, 976–77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

## II.    ANALYSIS

Plaintiff alleges that in June 2023, Plaintiff obtained copies of his consumer reports as published by each of the Defendants and noticed several inaccuracies, including inaccurate names, addresses, employers, and account information. In June and July 2023, Plaintiff submitted written disputes to each of the Defendants concerning the inaccurate information.

3

Plaintiff alleges that Defendants failed to establish or follow reasonable procedures to assure maximum possible accuracy of the information on his credit reports and failed to conduct a reasonable investigation as to the disputed information as required by the FCRA. Plaintiff asserts claims that Defendants negligently and willfully violated the FCRA at 15 U.S.C. §§ 1681e(b), 1681i, and 1681s-2(b). Plaintiff seeks actual, statutory, and punitive damages, as well as injunctive relief. (Compl., ECF No. 1-2.)

The undersigned concludes that Plaintiff **MAY PROCEED** on his claims under §§ 1681e(b) and 1681i, but **RECOMMENDS** that Plaintiff's claims under § 1681s-2(b) be dismissed. Defendants Equifax, Experian, and TransUnion are "consumer reporting agencies" or "CRAs" under the FCRA. *See* 15 U.S.C. § 1681a(f) ("The term 'consumer reporting agency' means any person which, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and which uses any means or facility of interstate commerce for the purpose of preparing or furnishing consumer reports."). Plaintiff expressly alleges that Defendants are CRAs for the purpose of the FCRA in his claims under §§ 1681e(b) and 1681i. (*See* Compl. ¶¶ 19, 24, 29, 32, 38, 44, ECF No. 1-2.) Section 1681s-2, however, imposes obligations only on "furnishers of information" to CRAs. *See Boggio v. USAA Fed. Sav. Bank*, 696 F.3d 611, 614 (6th Cir. 2012) (outlining duties of "furnishers of information" under § 1681s-2 to provide CRAs with accurate information and any relevant information regarding a notice of dispute a CRA has received from a consumer); *Downs v. Clayton Homes, Inc.*, 88 F. App'x 851, 853–54 (6th Cir. 2004) (to succeed on a claim under § 1681s-2(b), "the plaintiff must show that the furnisher received notice from a consumer reporting agency, not the plaintiff, that the credit information is

4

disputed"). Because Defendants are themselves CRAs, and not furnishers of information to

CRAs, § 1681s-2 does not govern Defendants' conduct. Plaintiff therefore fails to state a claim

on which relief can be granted under § 1681s-2(b).

### III.    DISPOSITION

For the foregoing reasons, Plaintiff's Motion for Leave to Proceed *In Forma Pauperis*

(ECF No. 1) is **GRANTED**. It is **RECOMMENDED** that Plaintiff's claims under 15 U.S.C.

§ 1681s-2(b) be **DISMISSED** for failure to state a claim under 28 U.S.C. § 1915(e)(2).

Plaintiff has submitted service of process by U.S. Marshal forms (Form USM-285) for

each Defendant (ECF No. 2); however, Plaintiff has submitted only a single summons form

(Form AO-440) purporting to encompass all three Defendants. Plaintiff is advised that he must

submit a separate summons form for each Defendant. If Plaintiff submits appropriate summons

forms, the Clerk is **DIRECTED** to issue the summonses and the United States Marshal is

**DIRECTED** to serve by certified mail upon each Defendant the issued summons, a copy of the

Complaint (ECF No. 1-2), and a copy of this Order.


### PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen

(14) days of the date of this Report, file and serve on all parties written objections to those

specific proposed findings or recommendations to which objection is made, together with

supporting authority for the objection(s). A District Judge of this Court shall make a *de novo*

determination of those portions of the Report or specified proposed findings or recommendations

to which objection is made. Upon proper objections, a District Judge of this Court may accept,

reject, or modify, in whole or in part, the findings or recommendations made herein, may receive

further evidence or may recommit this matter to the Magistrate Judge with instructions.  28

U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and

Recommendation will result in a waiver of the right to have the District Judge review the Report

and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of

the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140

(1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).


**IT IS SO ORDERED**.

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE